The Attorney General has considered your request of January 8, 1969, for an official opinion on the following question: The Capitol Improvement Authority respectfully requests your official opinion as to whether the authority granted to the Capitol Improvement Authority under 73 O.S. 161 [73-161] (1961), would authorize the hiring of a planning coordinator as an employee of the Capitol Improvement Authority . You have informed us that this prospective employee would coordinate planning for function and design with respect to new buildings built under the supervision of the Authority. Title 73 O.S. 151 [73-151] (1961) et seq. provide for the creation of the Oklahoma Capitol Improvement Authority, and prescribe its duties and provide for other related matters. Title 73 O.S. 161 [73-161](f), 73 O.S. 161 [73-161](g), and a) provide that the Authority is empowered: "(f) To make and enter into all contracts and agreements necessary or incidental to the performance of its duties and the execution of its powers under this act and particularly to make and enter into contracts and agreements with the departments and agencies of the State of Oklahoma and/or federal government relating to the rent, amortization of cost and use of the building by such departments and agencies." (Emphasis added) "(g) To employ employees and agents as may be necessary in its judgment and to fix their compensation; provided that all such expenses shall be payable solely from the proceeds of bonds issued under this act or from revenues derived from the building (Emphasis added) a) To do all things necessary or convenient to carry out the powers expressly granted in this act. (Emphasis added) Title 73 O.S. 153 [73-153] and 73 O.S. 171 [73-171] (1968), prohibit the hiring of private attorneys by the Authority. The only other provision which might be construed as a limitation on the Authority's authority to hire personnel is 73 O.S. 163 [73-163] (1961), which provides: "In order to prevent any defaults or threatened defaults in the payment of said bonds, the Authority is hereby authorized and empowered, in cooperation with the State Board of Public Affairs, to require state departments and agencies to be housed in said building and to pay rent for the use and occupancy of said building. Rents paid by state departments and agencies and all other revenues received by the Authority shall be placed in the Oklahoma Capitol Improvement Authority Fund for the purpose of maintenance of such buildings and retiring said bonds. . . ." The extremely broad grant of authority provided in said subsections (f), (g), and (j), supra, manifests a clear legislative intent to grant broad discretion to the Authority insofar as its duties and powers are concerned. Said Section 163 is on its face directed toward preventing defaults in payment of the bonds, rather than toward limiting the Authority's power with respect to hiring of personnel. Even if Section 163 were assumed to somehow limit the authority of the Authority to hire or compensate certain personnel, then O.S.L. 1968, ch. 380, Section 1 (73 O.S. 168 [73-168] (1968)) warrants consideration. This statute provides in part that: "The Oklahoma Capitol Improvement Authority is hereby authorized and directed to plan, acquire land for and erect, operate and maintain buildings for the use of the following state agencies, and to borrow money on the credit of the income and revenues to be derived from such projects in the amounts indicated for each such project and, in anticipation of the collection of such income and revenues, to issue negotiable bonds not to exceed the amounts indicated for each such project or so much of each indicated amount as may, in the opinion of the Authority, be necessary for such purpose: . . . ." (Emphasis added) Spiers v. Magnolia Petroleum Co.,206 Okl. 510, 244 P.2d 852 (1952), states that all parts of a statute are to be given their obvious meaning, and unless an irreconcilable conflict exists, no part should be stricken. All the foregoing considered, it is the opinion of the Attorney General that your question be answered in the affirmative; that is, the Oklahoma Capitol Improvement Authority is authorized under 73 O.S. 1961 Section 161[73-161] [73-161], and O.S.L. 1968, ch. 330, Section 1, (73 O.S. 168 [73-168] (1968)) to hire a planning coordinator to coordinate planning for new buildings built under the supervision of the Authority. (Dell Gordon)